UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LAUREN E. PETERS, *individually and as*    :
*intestate Heir and Putative Personal*    :   **ORDER DENYING**
*Representative of the Estate of Louis Neil*    :   **APPLICATION FOR**
*Mariani, deceased*    :   **ADMISSION PRO HAC VICE**
   :   **AND DENYING MOTION FOR**
                 Plaintiff,    :   **SANCTIONS**
   :
        -against-    :   21 MC 101 (AKH)
   :   03 Civ. 6940 (AKH)
UAL CORPORATION, et al.,    :
   :
                Defendants.    :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        On January 29, 2010, Bruce Leichty filed an application for admission pro hac vice. Mr. Leichty seeks to represent Ellen Mariani, a beneficiary of the estate of Louis Neil Mariani, in proceedings to approve the settlement reached between Defendants and Plaintiff John C. Ransmeier, the Administrator of Mr. Mariani's estate. The parties have not yet filed a motion to approve the settlement. On February 10, 2010, Mr. Ransmeier opposed the motion and moved for sanctions and an injunction preventing future filings under Rule 11 of the Federal Rules of Civil Procedure. Mr. Ransmeier argues that the motion to admit Mr. Leichty is vexatious and duplicative. Mr. Leichty previously sought admission pro hac vice on September 17, 2007. The Court denied the motion on the ground that Ms. Mariani lacks legal status as a party. See Order Denying Counsel's Application for Admission Pro Hac Vice, Peters v. UAL Corp., 21 MC 97 (AKH), 03 Civ. 6940 (AKH) (S.D.N.Y. Oct. 29, 2007).

        Louis Neil Mariani was a passenger on United Airlines Flight 175 when terrorists took control of the plane and crashed it into the World Trade Center on

September 11, 2001, killing Mr. Mariani and thousands of others. In the aftermath of the attack, two beneficiaries of his estate, his widow, Ellen Mariani, and his daughter (Ellen Mariani's step-daughter), Lauren Peters, filed wrongful death and survival suits, individually and on behalf of Louis Mariani's estate.

On December 1, 2004, Ms. Mariani and Ms. Peters entered into an agreement in New Hampshire Probate Court in which Ms. Mariani agreed to resign as administrator of Mr. Mariani's estate and to allow a neutral administrator to replace her. John C. Ransmeier was appointed as administrator pursuant to the procedure that the agreement established. Under the agreement, he was to dismiss Ms. Mariani's action with prejudice, and pursue the remaining suit with the cooperation of both Ms. Mariani and Ms. Peters.

On March 22, 2005, Ms. Peters filed a motion with the New Hampshire Probate Court alleging that Ms. Mariani was refusing to cooperate with the estate's attorney because she believed that under the agreement she could remain as plaintiff in her action with respect to her individual claims. The Probate Court held that the agreement explicitly permitted counsel for the estate to dismiss Ms. Mariani's action with prejudice. It also indicated that under New Hampshire law, the wrongful death action encompassed Ms. Mariani's loss of consortium claim.

On April 1, 2005, counsel for the estate submitted a letter to the Court requesting that Ms. Mariani's action be dismissed with prejudice and Mr. Ransmeier be substituted as Administrator of Mr. Mariani's estate. The Court granted the request on April 5, 2005.

On September 17, 2007, after Defendants and counsel for the estate indicated that they had reached a settlement agreement, the Court issued an order closing the case. Following this order, Bruce Leichty sought admission pro hac vice to represent Ms. Mariani. The Court denied the motion on the ground that Ms. Mariani lacks legal status as a party. See Order Denying Counsel's Application for Admission Pro Hac Vice, Peters v. UAL Corp., 21 MC 97 (AKH), 03 Civ. 6940 (AKH) (S.D.N.Y. Oct. 29, 2007). Subsequently, Ms. Mariani retained local counsel and moved to intervene, reopen the case, and be joined as a co-plaintiff. The Court denied the motion, holding that Ms. Mariani lacks legal standing and that this court is not the proper forum for adjudication of issues regarding administration of Mr. Mariani's estate. Rather, those issues must be brought before the Probate Court. See Order Denying Motion of Ellen Mariani to Reopen and Intervene and for Joinder as Co-Plaintiff, Peters v. UAL Corp., 21 MC 97 (AKH), 01 Civ. 11628 (AKH), 03 Civ. 6940 (AKH) (S.D.N.Y. Nov. 5, 2007).

Ms. Mariani appealed. The Court of Appeals, on September 30, 2009, upheld the denial of her motion. See N.S. Windows, LLC v. Minoru Yamasaki Assocs., Inc., No. 07-5442-cv, 2009 WL 3154485 (2d Cir. Sept. 30, 2009). In its opinion, the Court noted that the New Hampshire Supreme Court had issued an order on July 28, 2009, vacating a portion of a 2008 order by the Probate Court that permitted Mr. Ransmeier to settle all claims in Ms. Peters' action. Id. at *2. The New Hampshire Supreme Court held that although a wrongful death action encompassed a loss of consortium claim under New Hampshire law, the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101, provides a federal cause of action premised on the substantive law of the state where the crash occurred. Id. As such, the

New Hampshire Supreme Court held that it could not rule on the applicability of New Hampshire law to Ms. Mariani's loss of consortium claim because it is an issue of New York's choice of law rules.  Id.

Notwithstanding the New Hampshire Supreme Court's opinion, the Court of Appeals held that the December 1, 2004, agreement explicitly authorized counsel for the estate to dismiss Ms. Mariani's action with prejudice, and required Ms. Mariani to cooperate in the prosecution of Ms. Peters' action.  Id.  The Court also noted that paragraph 53 of Ms. Peters' complaint included a claim for loss of consortium on behalf of the beneficiaries of Mr. Mariani's estate.  Id. at *2.

Mr. Leichty's pending application for admission pro hac vice states that three factors give rise to the renewed need for independent representation of Ms. Mariani's interests: (1) this Court's invitation to Mr. Leichty to participate in a telephone conference in March 2009 regarding Mr. Ransmeier's request for the Court to hold settlement funds in an escrow account, (2) the Second Circuit's questions at oral argument regarding whether Ms. Mariani would have a voice at any hearing regarding approval of the settlement, and (3) certain conflicts of interest that Mr. Leichty has discovered regarding Mr. Ransmeier's administration of the estate.

These factors do not justify Mr. Leichty's admission.  Mr. Leichty's participation in the telephone conference was a courtesy extended by the Court during the pendency of Ms. Mariani's appeal and was not intended to suggest that Ms. Mariani should be represented independently.  The comments at oral argument before the Court of Appeals do not constitute a ruling nor do they suggest any opinion on the issue that might be persuasive.  The panel's written opinion makes clear that the Probate Court agreement

4

obligates Ms. Mariani to cooperate with Mr. Ransmeier.  Finally, any issues regarding Mr. Ransmeier's status as administrator of the estate must be decided by the Probate Court.  When the parties file a motion to approve the settlement, Mr. Ransmeier shall notify Ms. Mariani and express to the Court any objections she has.  Mr Leichty's application for admission pro hac vice is denied.

Although Mr. Leichty's application does not provide sufficient justification for admission, it does not warrant sanctions or an injunction under Rule 11. To determine whether to issue an injunction preventing further litigation under Rule 11, the court must consider a number of factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have a good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir.1986).  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  Id.  Although this is Mr. Leichty's second unsuccessful application for admission pro hac vice in this matter, it does not appear that his application was filed in bad faith or was intended to harass. The factors he outlined in the application led him to believe—albeit incorrectly—that admission was now warranted.

Finally, Mr. Leichty's request for attorney's fees as the prevailing party on Mr. Ransmeier's Rule 11 motion, and for an order to show cause why Mr. Ransmeier should not be independently sanctioned, is denied.  The issues raised by Mr. Leichty's

5

application and Mr. Ransmeier's motion for sanctions were not frivolous, and both parties appear to have proceeded in good faith.

For the reasons stated above, I deny Mr. Leichty's application for admission pro hac vice and Mr. Ransmeier's motion for Rule 11 sanctions. The Clerk shall mark the motions (Doc. Nos. 55 and 58) as terminated.

SO ORDERED.

Dated:   New York, New York
        March 1, 2010

ALVIN K. HELLERSTEIN
United States District Judge